UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

  v.

**ANTHONY SIMS,**

      **Defendant.**

Case No. 2:23-cr-200
JUDGE EDMUND A. SARGUS, JR.

**OPINION AND ORDER**

This matter is set for trial to begin on March 17, 2025 (ECF No. 54) and is before the Court on Defendant Anthony Sims's Motion in Limine to Exclude Photographic Evidence. (Mot., ECF No. 33.) Mr. Sims asks the Court to exclude evidence found on his Samsung Galaxy phone, seized upon his arrest on September 18, 2020, by the Chicago Police. (*Id.*) The Government opposes Mr. Sims's Motion. (Opp., ECF No. 53.) For the reasons below, the Motion is **DENIED**.

**I.    BACKGROUND**

In October 2024, a grand jury returned a Superseding Indictment charging Mr. Sims with two counts of Sexual Exploitation of a Minor by a Person Previously Convicted of an Offense Relating to Sexual Abuse of a Minor in violation of 18 U.S.C. §§ 2251(a), (e) and 3559(e). (Superseding Indictment, ECF No. 34, ¶¶ 1–2.) Count Three of the Superseding Indictment charges Mr. Sims with Sex Trafficking of a Minor in violation of 18 U.S.C. §§ 1591(a)(1), (b)(1), and 1594(a). (*Id.* PageID 110, ¶ 3.)

Mr. Sims was arrested in Chicago, Illinois in September 2020, on an arrest warrant. (Compl., ECF No. 1, PageID 4.) In connection with his arrest, law enforcement seized and inventoried a Samsung Galaxy phone from his person. (*Id.*) The phone was held for investigation by the Chicago Police Department until November 2022, when it was transferred to the Central

1

Ohio Human Trafficking Task Force. (Opp., PageID 208.) After receiving the phone, the Task Force obtained a search warrant to review and extract its forensic data. (*Id.*)

A search of the phone revealed the photographs that form the basis of Counts One and Two of the Superseding Indictment. (*Id.* PageID 208–09.) A Google Photos folder contained 238 images of Minor Victim One and 58 images of Minor Victim Two, in various sexual poses, both partially clothed and fully nude. (*Id.* PageID 209.) The Google Photos account was registered to Antoniopickett99@gmail.com. (*Id.*) Additionally, the Cash App application on the phone was registered to "Anthony Sims." (*Id.* PageID 208.)

The Government then obtained a search warrant for the Google account associated with Antoniopickett99@gmail.com. (*Id.* PageID 209.) That search revealed an image depicting Minor Victim One wearing a pink towel and sitting on a bed. (*Id.*) The image was taken around the same time as the images on the Samsung phone and depicted Minor Victim One wearing what looked like the same towel that she was wearing in images found on the Samsung phone. (*Id.*) Data embedded within the photos and Google account, also known as metadata, traced back to the address of the home that Minor Victim One and her family lived in with Mr. Sims. (*Id.*)

II.     **STANDARD OF REVIEW**

Neither the Federal Rules of Evidence nor the Federal Rules of Civil Procedure explicitly authorize a court to rule on an evidentiary motion in limine. The United States Supreme Court has noted, however, that the practice of ruling on such motions "has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States,* 469 U.S. 38, 41 n.4 (1984) (citing Rule 103(c) of the Federal Rules of Evidence).

Motions in limine allow the Court to rule on the admissibility of evidence before trial to expedite proceedings and provide the parties with notice of the evidence on which they may not

rely to prove their case. *Bennett v. Bd. of Educ. of Washington Cnty. Joint Vocational Sch. Dist.*, C2-08-CV-0663, 2011 WL 4753414, at * 1 (S.D. Ohio Oct. 7, 2011) (Marbley, J.). "To prevail on a motion in limine, the movant must show that the evidence is clearly inadmissible." *Id.* (citation omitted). "If the movant fails to meet this high standard, a court should defer evidentiary rulings so that questions of foundation, relevancy, and potential prejudice may be resolved in the context of trial." *Henricks v. Pickaway Corr. Inst.*, No. 2:08-CV-580, 2016 WL 4577800, at *2 (S.D. Ohio Sept. 2, 2016) (Marbley, J.) (citing *Ind. Ins. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004)).

Whether to grant a motion in limine is within the sound discretion of the trial court; the Court may reconsider the admissibility of evidence and even change its ruling on a motion in limine "as the proceedings give context to the pretrial objections." *Id.* (citing *Branham v. Thomas M. Cooley Law Sch.*, 689 F.3d 558, 562 (6th Cir. 2012); *Bennett*, 2011 WL 4753414, at * 1.)

### III.   ANALYSIS

Mr. Sims argues that the evidence found on the Samsung phone should be excluded for several reasons. He contends that the evidence is irrelevant, unfairly prejudicial, unreliable, and lacks "proper inventory documentation" to be authenticated. (Mot., PageID 103–04.)

**A. The photographic evidence is highly relevant and its probative value is not outweighed by the risk of unfair prejudice.**

Rule 401 states that evidence is relevant and generally admissible if it has any tendency to make a fact of consequence more or less probable than it would be without the evidence. Fed. R. Evid. 401; *see also* Fed. R. Evid. 402. Relevant evidence may still be excluded if its "probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

When determining whether to exclude evidence under Rule 403, the Court must "weigh the proper probative value of the evidence against, among other things, its unfairly prejudicial effect." *United States v. Parkes*, 668 F.3d 295, 305 (6th Cir. 2012). To be unfairly prejudicial, evidence must have the "undue tendency to suggest a decision based on improper considerations." *United States v. Bilderbeck*, 163 F.3d 971, 978 (6th Cir. 1999). If evidence presents inflammatory details with little, if any, probative value, it is "to a large extent unfairly prejudicial." *United States v. Sims*, 708 F.3d 832, 836 (6th Cir. 2013). But unfair prejudice does not mean "the damage to a defendant's case that results from legitimate probative force of the evidence." *Bilderbeck*, 163 F.3d at 978 (citation omitted).

Mr. Sims argues that there is no evidence that he was aware of the photographs on his phone, which were not taken by his device, and thus they are not relevant to prove that he knowingly and intentionally possessed the photographs. (Mot., PageID 103.) He reasons that the photos should be excluded under Rule 403 because the "prejudicial impact of admitting photographs of minors substantially outweighs any probative value, potentially leading the jury to base their decision on emotion rather than facts." (Mot., PageID 104.) Mr. Sims cites no case law to support this proposition.

The Government argues that the photos are relevant because the photos are the crime charged under Counts 1 and 2. (Opp., PageID 210.) Mr. Sims is charged with two counts of violating 18 U.S.C. § 2251(a). (Superseding Indictment, ECF No. 34.) "[T]o violate § 2251(a), a defendant must sexually exploit a minor for the purpose of producing a visual depiction of this exploitation, and that same visual depiction must be produced using materials that have an interstate-commerce nexus." *United States v. Lively*, 852 F.3d 549, 561 (6th Cir. 2017) (emphasis

4

omitted). The photos are direct evidence of the visual depiction of the exploitation of Minor Victims One and Two, says the Government. (*Id.*)

The Government offers that it intends to call Minor Victims One and Two as witnesses at trial and expects that they will testify that Mr. Sims took the photos of them on his Samsung Galaxy phone. (Opp., PageID 209.) The Government also expects that Minor Victim One will testify about conversations she had with Mr. Sims where he told her that the images were being sold online. (*Id.* PageID 208.) The Government will offer evidence that the photographs were stored in a Google Photo account associated with his email address and cached on his Samsung phone. (*Id.* PageID 209.) To be cached, the Government explains, the photos must have been previously accessed on that device—no matter what device at first captured the images. (*Id.*) Finally, the phone was found on Mr. Sims's person when he was arrested in September 2020. (*Id.*)

The Court finds that the photographs of Minor Victims One and Two found on the Samsung phone are relevant to whether Mr. Sims produced visual depictions of the Minor Victims engaging in sexually explicit conduct. Not only are the photos direct evidence of the crime that Mr. Sims charged with, but they are also relevant to corroborate the testimony of the Minor Victims. Thus, the photos are relevant and highly probative. To be excluded, Mr. Sims must show that the probative value is substantially outweighed by unfair prejudice. Mr. Sims fails to persuade the Court that he will suffer *unfair* prejudice, rather than damages from the "legitimate probative force of the evidence[.]" *Bilderbeck*, 163 F.3d at 978. Given this, the Court will not exclude such evidence under Rule 403.

### B. The photographic evidence is not excluded based on a lack of authenticity or reliability.

Mr. Sims also challenges the admissibility of the photographic evidence on reliability and authenticity grounds. He argues that the Samsung phone was "improperly inventoried and its chain

of custody unsecured and undocumented" while in the possession of the Chicago Police Department from September 2020 to November 2022. (Mot., PageID 102.) He explains that "[t]he unsecured custody and lack of proper inventory documentation over two years raises serious concerns about the integrity and authenticity of the evidence. Without the timestamp or metadata analysis, it is impossible to determine if the photographs were placed on the device during the period [the phone] was out of Mr. Sims'[s] control." (*Id.* PageID 104.)

Mr. Sims effectively argues that the photographic evidence obtained from the Samsung phone should not be admitted into evidence because there was no chain of custody to prove the authenticity of evidence. Put differently, he raises the possibility that someone tampered with the phone causing a break in the chain of custody when the phone was in the inventory of the Chicago Police Department.

Evidence must be authentic to be admissible. *See* Fed. R. Evid. 901. Authentication requires the proponent to put forth evidence sufficient to support a finding that the item is what the proponent claims it is. Fed. R. Evid. 901(a). The burden of proof for authentication is slight and can be met through direct or circumstantial evidence. *Gregg v. Ohio Dep't of Youth Servs.*, 661 F. Supp. 2d 842, 852 (S.D. Ohio 2009) (Kemp, M.J.). Rule 901 offers a list of ways to authenticate records, including through "testimony of a witness with knowledge . . . that the item is what it is claimed to be." Fed. R. Evid. 901(b)(1).

Part of authenticating certain evidence is establishing a chain of custody. But raising the possibility that there was a break in the chain of custody from tampering does not render evidence inauthentic or inadmissible. *United States v. Allen*, 106 F.3d 695, 700 (6th Cir. 1997) (internal citations omitted). Instead, "challenges to the chain of custody go to the weight of the evidence, not its admissibility." *United States v. Levy*, 904 F.2d 1026, 1030 (6th Cir. 1990), *cert. denied*, 498

6

U.S. 1091 (1991). "Where there is no evidence indicating that tampering with the exhibit occurred, courts presume public officers have discharged their duties properly." *Allen*, 106 F.3d at 700.

Mr. Sims points to no evidence to support his suggestion that the Samsung phone was tampered with while in the custody of the Chicago Police Department. Of course, Mr. Sims may attack the weight of the evidence by challenging the chain of custody during trial, but such arguments are not a proper basis to exclude such evidence on a motion in limine. *See Levy*, 904 F.2d at 1030. The Government must first have the opportunity to offer evidence and testimony at trial to support a finding that the chain of custody was properly maintained. *See* TRANSCRIPT OF JURY TRIAL PROCEEDINGS - VOLUME 3, *United States v. Jakits*, Case No. 2:22-cr-194, ECF No. 196, PageID 2978 (Government witness testifying that a phone was stored in Belmont County Sheriff's Department's evidence holding room "behind a locked steel door" with no public access where one year of the chain of custody was challenged).

Mr. Sims next contends that the Government's failure to perform certain forms of forensic analysis shows that the evidence obtained from the Samsung phone is unreliable and should not be admissible. (Mot., PageID 103–04.) He seems to suggest that the Government failed to conduct "timestamp or metadata analysis." (*Id.* PageID 104.) But at the same time, he argues that "the metadata reveals these photographs were not originally taken by the [Samsung] device[.]" (*Id.* PageID 102.) His arguments are contradictory and do not point to a specific analysis that the Government could have, but failed to, conduct. The Government also explains that some data obtained from search warrants may not have metadata available to review, but that the FBI and the Task Force provided a review of the metadata where available. (Opp., PageID 211.)

Mr. Sims reliability and authenticity arguments are unavailing. Because has not shown that the photographic evidence is "clearly inadmissible," he cannot prevail on his Motion in Limine.

*See Bennett,* 2011 WL 4753414, at * 1. The Court finds no reason to exclude the photographic evidence from Mr. Sims's Samsung phone at this time. The Government still must carry its burden at trial to properly authenticate the evidence with one of the methods described under Rule 901.

### IV.  CONCLUSION

For the reasons stated above, Defendant Anthony Sims's Motion in Limine to Exclude Photographic Evidence (ECF No. 33) is **DENIED**.

**IT IS SO ORDERED.**

**2/21/2025**　　　　　　　　　　　　　　　　**s/Edmund A. Sargus, Jr.**
**DATE**　　　　　　　　　　　　　　　　　　**EDMUND A. SARGUS, JR.**
　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**