UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

ANTHONY SIMS,

    Defendant.

Case No. 2:23-cr-200
JUDGE EDMUND A. SARGUS, JR.

## OPINION AND ORDER

This matter is set for trial to begin on March 17, 2025 (ECF No. 54) and is before the Court on the Government's Motion in Limine to Admit Forensic Interviews Pursuant to Federal Rules of Evidence 801(d)(1)(B) and 807. (Mot., ECF No. 59.) Defendant Anthony Sims opposes that Motion. (Opp., ECF No. 62.) For the reasons below, the Government's Motion is **HELD IN ABEYANCE**.

**I.    BACKGROUND**

In October 2024, a grand jury returned a Superseding Indictment charging Mr. Sims with two counts of Sexual Exploitation of a Minor by a Person Previously Convicted of an Offense Relating to Sexual Abuse of a Minor in violation of 18 U.S.C. §§ 2251(a), (e) and 3559(e). (Superseding Indictment, ECF No. 34, ¶¶ 1–2.) Count Three of the Superseding Indictment charges Mr. Sims with Sex Trafficking of a Minor in violation of 18 U.S.C. §§ 1591(a)(1), (b)(1), and 1594(a). (*Id.* PageID 110, ¶ 3.)

This case began after the victims' school counselor received a report about Minor Victims One, Two, and uncharged (in this case) Minor Victim Three. (Opinion & Order, ECF No. 68, PageID 319.) Mr. Sims was then indicted in the Franklin County Court of Common Pleas on three

counts of rape relating to three minors—Minor Victims One, Two, and Three. (*Id.*) The state-court indictment led to the charges here related to Minor Victims One and Two. (*Id.*)

The Government expects that Minor Victims One and Two will testify that Mr. Sims caused them to engage in sexually explicit conduct so that he could take pictures of them on many occasions between July 2019 and July 2020. (*Id.*) The Government discovered the pictures on a Samsung Galaxy phone recovered by law enforcement from Mr. Sims's person when he was arrested in September 2020. (*Id.*) The Government expects that Minor Victims One and Two will testify that Mr. Sims would force or coerce them to have sex with him close-in-time to the production of the images. (*Id.*) This conduct and the resulting images form the basis of Counts One and Two of the Superseding Indictment. (*Id.*)

As for Count Three, the Government expects that Minor Victim One will testify that Mr. Sims took her to hotels around Columbus, Ohio and had her engage in commercial sex acts with men who paid Mr. Sims. (*Id.*) Mr. Sims did this on weekends when Minor Victim One's mother was working and her sisters were at their father's house. (*Id.*) Before having her engage in commercial sex acts, Minor Victim One will testify that Mr. Sims gave her alcohol and marijuana and then threatened to tell her mother that she was using narcotics. (*Id.* PageID 320.) Minor Victim Two reports that Mr. Sims gave her marijuana and alcohol before initiating sexual contact too. (*Id.*)

As part of the investigation, Minor Victims One and Two underwent forensic interviews related to the incidents that occurred with Mr. Sims. The Government seeks to introduce recordings of three such interviews. Minor Victim Two was interviewed first on August 5, 2020. (Mot., PageID 243.) She was 12 years old at the time of the interview and is now 17 years old. (*Id.* PageID 249.) Minor Victim One also underwent a forensic interview on August 11, 2020, when she was

13 years old. (*Id.* PageID 243.) She was interviewed again about additional incidents involving Mr. Sims and the sex trafficking allegations in Count Three two years later, on November 17, 2022. (*Id.*) She was 16 years old at the time of her second interview and is now an adult. (*Id.* PageID 249.)

## II.     STANDARD OF REVIEW

Neither the Federal Rules of Evidence nor the Federal Rules of Civil Procedure explicitly authorize a court to rule on an evidentiary motion in limine. The United States Supreme Court has noted, however, that the practice of ruling on such motions "has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States,* 469 U.S. 38, 41 n.4 (1984) (citing Rule 103(c) of the Federal Rules of Evidence).

Motions in limine allow the Court to rule on the admissibility of evidence before trial to expedite proceedings and provide the parties with notice of the evidence on which they may not rely to prove their case. *Bennett v. Bd. of Educ. of Washington Cnty. Joint Vocational Sch. Dist.*, C2-08-CV-0663, 2011 WL 4753414, at * 1 (S.D. Ohio Oct. 7, 2011) (Marbley, J.). "To prevail on a motion in limine, the movant must show that the evidence is clearly inadmissible." *Id.* (citation omitted). "If the movant fails to meet this high standard, a court should defer evidentiary rulings so that questions of foundation, relevancy, and potential prejudice may be resolved in the context of trial." *Henricks v. Pickaway Corr. Inst.*, No. 2:08-CV-580, 2016 WL 4577800, at *2 (S.D. Ohio Sept. 2, 2016) (Marbley, J.) (citing *Ind. Ins. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004)).

Whether to grant a motion in limine is within the sound discretion of the trial court; the Court may reconsider the admissibility of evidence and even change its ruling on a motion in limine "as the proceedings give context to the pretrial objections." *Id.* (citing *Branham v. Thomas M. Cooley Law Sch.*, 689 F.3d 558, 562 (6th Cir. 2012); *Bennett*, 2011 WL 4753414, at * 1.)

### III. ANALYSIS

The Government asks the Court for an order admitting the three forensic interviews of Minor Victims One and Two. It expects that Minor Victims One and Two will testify at trial. (Mot., PageID 246–49.) If Mr. Sims challenges either victims' reliability or credibility on cross-examination, the Government intends to introduce the videos under Rule 801(d)(1)(B)(ii). (*Id.*) But if either victim "becomes unmanageably nervous or intimidated by the courtroom setting" and cannot testify or "explain the necessary level of detail of the exploitation[,]" the Government will move to admit the video recordings on direct examination under Rule 807. (*Id.* PageID 250–57.)

Mr. Sims argues that introducing the videos violates Mr. Sims's rights under the Confrontation Clause of the Sixth Amendment. (Opp., PageID 295.) He also contends that the interviews do not meet the requirements to be admitted under Rules 801 or 807, and thus asks that the Court deny the Government's Motion in Limine. (*Id.* PageID 296–98.)

**A. The Court holds in abeyance the Government's Motion to admit the forensic interviews under Rule 801(d)(1)(B).**

The Government argues that the video recordings of the forensic interviews are prior consistent statements that can rehabilitate the Minor Victims on redirect examination under Rule 801(d)(1)(B)(ii). (Mot., PageID 246–47.) The Government's argument presumes that Minor Victims One and Two will testify at trial and Mr. Sims will conduct cross-examination. (*Id.*) Since the Minor Victims will be available for cross-examination, the Government reasons that introduction of their out-of-court statements recorded during the forensic interview would not violate Mr. Sims's rights under the Confrontation Clause. (*Id.* PageID 245.)

The Sixth Amendment provides that a criminal defendant has the right "to be confronted with the witnesses against him." U.S. Const. amend. VI. Under the Confrontation Clause, "a testimonial statement of a witness who does not testify at trial cannot be admitted unless the

4

witness is unavailable and the defendant had prior opportunity to examine the witness." *Nobles v. Woods*, 613 F. App'x 487, 491 (6th Cir. 2015) (citing *Crawford v. Washington*, 541 U.S. 36, 59 (2004)). At its core, the Confrontation Clause guarantees a defendant an opportunity for effective cross-examination, but it does not guarantee "cross-examination that is effective in whatever way, and to whatever extent the defense might wish." *United States v. Owens*, 484 U.S. 554, 559 (1988) (citation omitted).

If Minor Victims One and Two testify, Mr. Sims can recross-examine them about their out-of-court statements. Thus, Mr. Sims's Sixth Amendment rights are not implicated. If Minor Victims One or Two are unavailable for cross-examination, Mr. Sims may renew his challenge to the introduction of such evidence.

Rule 80(1)(d) explains a statement is not hearsay, and is admissible, when "the declarant testifies and is subject to cross-examination about a prior statement" and that statement is either (i) "consistent with the declarant's testimony and is offered to rebut an express or implied charge that the declarant recently fabricated it or acted from a recent improper influence or motive in so testifying" or (ii) offered "to rehabilitate the declarant's credibility as a witness when attacked on another ground." Fed. R. Evid. 801(d)(1)(B)(i)–(ii).

The Governments expects Mr. Sims to attack the Minor Victims on cross-examination based on their memory and credibility. (Mot., PageID 249.) As the Government explains, more than five years will have passed between the Minor Victims' initial forensic interviews and the date of trial. (*Id.*) The Government intends to rehabilitate the Minor Victims' credibility with the prior consistent statements made during the forensic interviews. (*Id.*)

Mr. Sims argues that the Government's request is premature because it has not shown a specific allegation of recent fabrication. (Opp., PageID 296–97.) To be admissible under Rule

801(d)(1)(B), Mr. Sims contends that the statements must predate an alleged motive to fabricate. (*Id.*) Because Minor Victim One's second interview occurred two years after her initial statement, the second interview cannot be used to rehabilitate her testimony, says Mr. Sims. (*Id.*)

But Mr. Sims's focus on a charge of recent fabrication is misplaced. As the Government points out, Rule 801(d)(1)(B) was amended in 2014 to allow prior consistent statements to be used broadly to rehabilitate a declarant's credibility. The intention of the amendment was to give "substantive effect to consistent statements that rebut other attacks on a witness—such as the charges of inconsistency or faulty memory." Fed. R. Evid. 801 (Advisory Committee's Note to 2014 Amendment). The language in subsection (B)(ii) obviates the need to prove a charge of recent fabrication to use a prior consistent statement to rehabilitate a witness's credibility.

If Mr. Sims attacks Minor Victims One or Two on cross-examination, the Government could use prior consistent statements made by the Minor Victims to rehabilitate their credibility on redirect examination. *See* Fed. R. Evid. 801(d)(1)(B)(ii). But the Government may not use such consistent statements until Minor Victims One and Two testify and are subject to cross-examination. *Id.* Therefore, the Court will hold the Government's Motion in abeyance.

**B. The Court holds in abeyance the Government's Motion under Rule 807.**

Alternatively, the Government moves to introduce the forensic interviews on direct examination if the Minor Victims cannot complete their testimony under Rule 807. (Mot., PageID 250–57.) Mr. Sims argues that the forensic interviews should be excluded because the Government is trying to conduct an end-run around the Confrontation Clause and "substitut[e] recorded statements for live testimony, violating [Mr. Sims's] right to meaningful cross-examination." (Opp., PageID 296.) He reasons that forensic interviews are not sufficiently trustworthy or more probative of other available evidence to be admissible under Rule 807. (*Id.* PageID 297–98.)

6

Rule 807 allows the admission of a hearsay statement that falls outside the exceptions to hearsay under Rules 803 and 804, if the statement meets the following criteria:

(1) The statement is supported by sufficient guarantees of trustworthiness—after considering the totality of circumstances under which it was made and evidence, if any, corroborating the statement; and

(2) It is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts.

Fed. R. Evid. 807(a)(1)–(2).

The Sixth Circuit has allowed the admission of a minor's recorded statements under Rule 807 when the statements were made contemporaneously with the alleged offenses. *See, e.g.*, *United States v. Wandahsega*, 924 F.3d 868, 881–82 (6th Cir. 2019); *Stuart v. Wilson*, 442 F.3d 506, 523–24 (6th Cir. 2006); *United States v. Hayek*, No. 22-5177, 2024 U.S. App. LEXIS 11325, at *14 (6th Cir. May 7, 2024). And other circuits have found that a minor victim's prior recorded statements are trustworthy when the victim is available for cross-examination. *United States v. White Bull*, 646 F.3d 1082, 1092 (8th Cir. 2011); *United States v. Peneaux*, 432 F.3d 882, 892 (8th Cir. 2005); *United States v. Valdez-Soto*, 31 F.3d 1467, 1470–72 (9th Cir. 1994.).

In *Hayek*, the Sixth Circuit affirmed the district court's decision to admit a minor victim's videotaped forensic interview under Rule 807. 2024 U.S. App. LEXIS 11325, at *13–14. The video offered the victim's strongest recollection of the incident because her statements were made closer in time to the incident than her testimony at trial. *Id.* Thus, the recorded statements were more probative and reliable than the other evidence available. *Id.*

Similarly here, more than five years will have passed between Mr. Sims's alleged offenses and the initial forensic interviews. The contemporaneous nature of the forensic interviews offers the Minor Victims' strongest recollection of the incidents. The Minor Victims' prior statements

can be corroborated if Mr. Sims can cross-examine them at trial. The fact that the interviews were videotaped also supports the trustworthiness of the prior consistent statements.

But Mr. Sims is correct that admitting the forensic interviews without allowing him to cross-examine the Minor Victims about the prior statements raises Confrontation Clause concerns. Mr. Sims also highlights the unique reliability concerns when children are interviewed, including the potential for errors created by the child's desire to please their interviewer or suggestive questioning techniques. (Opp. PageID 298) *see also Wandahsega*, 924 F.3d at 881.

The Court appreciates the Government previewing this issue before trial but finds that deferring an evidentiary ruling is appropriate so that questions of the probative value and reliability can be evaluated in the context of trial. *See Henricks*, 2016 WL 4577800, at *2. The Court cannot say with certainty at this time that the forensic interviews are more probative than any other evidence. The probative value of the interviews turns in large part on whether the Minor Victims complete their testimony and are available for cross-examination. If the Minor Victims cannot complete their testimony, the forensic interviews would be "highly probative" to "fill[]in details of [their] testimony." *See Wandahsega*, 924 F.3d at 882 (finding that when the victim could not provide details about the alleged abuse at trial, the prior consistent statements were highly probative). But without cross-examination, the prior statements would also be less reliable and would raise Confrontation Clause issues. *See Nobles*, 613 F. App'x at 491 (citing *Crawford*, 541 U.S. at 59) ("[A] testimonial statement of a witness who does not testify at trial cannot be admitted unless the witness is unavailable and the defendant had prior opportunity to examine the witness.").

Accordingly, the Court holds the Government's Motion in abeyance. If necessary,[1] the Government may orally move at sidebar during trial to admit the prior consistent statements made

---

[1] The Government explains that it "will only offer the statements if necessary to prove that [Mr. Sims] engaged in the sexual exploitation and sex trafficking of a minor. If there is sufficient proof

by the Minor Victims during the forensic interviews. The Court will rule on the Motion at that time.

## IV. CONCLUSION

For the reasons stated above, the Government's Motion in Limine to Admit Forensic Interviews Pursuant to Federal Rules of Evidence 801(d)(1)(B) and 807 is **HELD IN ABEYANCE**. (Mot., ECF No. 59.)

**IT IS SO ORDERED.**

**2/27/2025**                                           **s/Edmund A. Sargus, Jr.**
**DATE**                                                    **EDMUND A. SARGUS, JR.**
                                                                    **UNITED STATES DISTRICT JUDGE**

---

of the required Section 2251 and Section 1591 elements through the testimony of the trial witnesses, the [Government] will not offer the statements as evidence." (Mot., PageID 252.) The Court interprets the Government's Motion as saying that if the Minor Victims testify and are subject to cross-examination, the Motion to admit the forensic interviews under Rule 807 would be moot.